IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY WICKENKAMP

        Plaintiff,

                                    2:15-CV-330-PK

v.

                                    FINDINGS AND
                                    RECOMMENDATION

FRED STEEN, STEVE ROGERS, BETH HULSE,
TOM HACK, BOYD RASMUSSEN, LORI
LUCAS, SHELLY STEEN, ERIC STEEN, SUSAN
ROBERTS, DANA ROBERTS, JOHN DOES NOS.
1-2, and JANE DOE NO. 1,

        Defendants.

PAPAK, Magistrate Judge:

        Plaintiff *pro se* Mary Wickenkamp filed this action against defendants Fred Steen

("Steen"), Steve Rogers, Beth Hulse, Tom Hack, Boyd Rasmussen, Lori Lucas, and three Doe

defendants on February 25, 2015. Wickenkamp amended her complaint effective May 18, 2015,

adding Shelly Steen ("Shelly"), Eric Steen ("Eric"), Susan Roberts ("Susan"), and Dana Roberts

Page 1 - FINDINGS AND RECOMMENDATION

("Dana") as additional defendants.[1] By and through her amended complaint, Wickenkamp alleged defendants' liability in ten separately pled claims. Wickenkamp further alleged that she had her first two claims on assignment from Judith Trackwell ("Judith"), her third, fourth, and fifth claims on assignment from LIK, LLC ("LIK"), and her sixth through tenth claims on assignment from Lloyd Trackwell, Jr. ("Lloyd"), and that she was therefore the real party in interest as to all ten claims. Wickenkamp sought actual and punitive damages in unspecified amounts in connection with her claims.

On October 1, 2015, I recommended (in relevant part) that (i) Wickenkamp's first, fourth, sixth, seventh, and tenth claims be dismissed with prejudice in their entirety, (ii) Wickenkamp's third and eighth claims be dismissed with prejudice to the extent alleged against Steen in either his individual or his official capacities, (iii) Wickenkamp's ninth claim be dismissed with prejudice to the extent alleged against Steen in his individual capacity and be construed as alleged against Wallowa County rather than against Steen to the extent alleged against Steen in his official capacity, and (iv) to the extent not dismissed with prejudice as recommended above, Wickenkamp's second, fifth, eighth, and ninth claims be dismissed without prejudice. Specifically as to Wickenkamp's claims on purported assignment from Judith, I found that the instrument of purported assignment was defective and unenforceable in that it could not by its plain language have effected assignment of a beneficial interest in any claims within its scope. I

---

[1] Wickenkamp does not list any defendant other than Steen in the caption of her amended complaint, and although she purports to list all of the defendants in paragraph 8 of her amended complaint, she does not name Rasmussen, Lucas, Susan, or Dana in that paragraph. Moreover, it appears that while Steen has been served with summons herein, Wickenkamp has made no effort to serve any defendant other than Steen, without regard to whether such other defendants are named in paragraph 8 of her amended complaint.

Page 2 - FINDINGS AND RECOMMENDATION

further found, on the inaccurate *arguendo* assumption that the instrument of assignment were not

defective in that manner, that the claims on purported assignment from Judith were necessarily

either unscheduled assets of Judith's bankruptcy estate (and that therefore Judith and any assignee

thereof were estopped from prosecuting them) or post-petition assets of Judiths that were never at

any time property of the bankruptcy estate (and were therefore not within the scope of the

instrument of assignment); I expressly left open the question whether the claims were

unscheduled assets of Judith's bankruptcy estate or post-petition assets belonging to Judith.

Specifically as to Wickenkamp's claims on purported assignment from Lloyd, I recommended

that the court find the assignment from Lloyd to be valid as to any claims capable as a matter of

law of being assigned, but that some of those claims, including in particular those brought

pursuant to 42 U.S.C. § 1983 (including in material part Wickenkamp's eighth and ninth claims),

were not assignable and therefore had not been effectively assigned to Wickenkamp.

     I additionally recommended that Wickenkamp be directed to amend her pleading in a

manner compliant with Federal Civil Procedure Rule 8(a) within thirty days to restate her

allegations in support of any of her claims that survived dismissal with prejudice to the extent she

could in good faith cure any identified deficiencies through amendment, and to effect service

within thirty days thereafter on any defendant not yet served with process who was named in any

such amended claim.  I further recommended that the court deny Wickenkamp leave to file her

then-proposed second amended complaint, on the ground that her proposed amendments would

not cure the deficiencies I identified in her claims.  In support of my findings and

recommendations, I took judicial notice, *inter alia*, that Judith filed for Chapter 11 bankruptcy on

July 15, 2009, and that the bankruptcy court confirmed her plan of bankruptcy on September 13,

Page 3 - FINDINGS AND RECOMMENDATION

2010.

Effective November 13, 2015, Judge Hernandez adopted my findings and

recommendations without modification.  Following issuance of Judge Hernandez' order,

therefore, Wickenkamp's first, fourth, sixth, seventh, and tenth claims were dismissed with

prejudice, while her second (brought under Oregon common law against Steen, Shelly, and Eric

on purported assignment from Judith in connection with those parties' alleged conversion of

cattle and unspecified other property from Judith's ranch in early 2010), third (brought under

Oregon common law against Steen and two Doe defendants on assignment from LIK in

connection with those parties' alleged conversion of horses from Judith's ranch in or around

2011), fifth (brought under Oregon's racketeering statute against Steen, Shelly, Eric, and two Doe

defendants on assignment from LIK in connection with the foredescribed acts of conversion of

livestock and possibly other criminal acts), eighth (brought under Section 1983 against Steen,

Rogers, Rasmussen, Lucas, and a Doe defendant on purported assignment from Lloyd in

connection with the conditions of Lloyd's confinement in the Union County jail from October 24,

2012, through May 20, 2013) and ninth (brought under Section 1983 against Steen, Rogers,

Susan, and Dana on assignment from Lloyd for the violation of unspecified constitutional rights

at times between 2005 and 2012) claims were dismissed without prejudice and with leave to

amend by not later than December 12, 2015.

On December 9, 2015, Wickenkamp moved for extension of her deadline for filing her

second amended complaint, and effective December 14, 2015, I granted that motion,[2] extending

---

[2]  In support of her December 9, 2015, motion for extension of time, Wickenkamp
asserted a need for extension due to her limited access to research facilities and her sole
responsibility for document production.  These grounds were unpersuasive at the time they were

Wickenkamp's deadline for amendment to December 30, 2015. On December 30, 2015,

Wickenkamp filed for further extension of her deadline until January 6, 2016, and effective

January 5, 2016, I granted that motion[3] as well. On January 6, 2016, rather than file an amended

complaint, Wickenkamp moved for leave to join or substitute parties and for unspecified further

extension of time within which to amend her complaint.

Now before the court are Wickenkamp's motion (#55) for joinder or substitution of

parties and Wickenkamp's motion (#58) for extension of time within which to file her second

amended complaint. By and through her motion for joinder or substitution, Wickenkamp seeks

leave to substitute Judith and Lloyd as party plaintiffs herein, respectively as to her second and

her eighth and ninth claims, with relation back to the date her original complaint was filed. By

and through her motion for extension of time, Wickenkamp seeks extension of her deadline for

filing her second amended complaint until an unspecified time after the court rules on her

motion for joinder or substitution. I have considered the motions, all of the pleadings and papers

on file, and oral argument on behalf of the parties. For the reasons set forth below, both of the

motions should be denied, and the court should issue final judgment in this action.

---

asserted, in that it was unclear what legal research would have been required to permit
Wickenkamp to restate her factual allegations in a manner compliant with Federal Civil
Procedure Rule 8, and in that no discovery has been exchanged in this action to date. However,
in light of Wickenkamp's *pro se* status, I elected to afford Wickenkamp an enlarged period of
time within which to meet her deadline.

[3] In support of her December 30, 2015, motion for extension of time, Wickenkamp
asserted only that she had made "diligent efforts" to amend her pleading but despite those efforts
would be unable to meet her deadline. Although Wickenkamp's assertion did not constitute good
cause for extending the deadline, I elected in light of her *pro se* status once again to enlarge the
period of time for Wickenkamp to amend her pleading.

ANALYSIS

Federal Civil Procedure Rule 6 provides, in relevant part as to Wickenkamp's motion for extension of time, as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A)    with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> > (B)    on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(1). Local Rule 16-3 provides to similar effect as follows:

> Unless provided by LR 16-2(b), objections to any court-imposed deadline must be raised by motion and must:
>
> > (1)    Show good cause why the deadlines should be modified.
>
> > (2)    Show effective prior use of time.
>
> > (3)    Recommend a new date for the deadline in question.
>
> > (4)    Show the impact of the proposed extension on other existing deadlines, settings, or schedules.

L.R. 16-3. Moreover, the Ninth Circuit has suggested that, even with good cause shown, if the party moving for an extension is acting in bad faith or if the extension would prejudice the non-moving party, it could be appropriate to deny a motion for extension of time. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010).

Here, Wickenkamp asserts that she does not seek yet further extension of the time afforded her for amendment of her pleading for purposes of delay. However, other than by asserting that she believes it would be in the interest of justice to defer the deadline for her amended complaint until such time as the court has ruled on her motion for joinder or

Page 6 - FINDINGS AND RECOMMENDATION

substitution of parties, she makes no effort to establish good cause for further extension of the deadline.

Wickenkamp's assertions may be intended to constitute argument that good cause for extension inheres in the fact that, prior to the court's disposition of her motion for joinder or substitution, she cannot know whether it would be futile to attempt to cure the deficiencies in her standing to bring her second, eighth, or ninth claims by amendment. To the extent Wickenkamp may so intend to argue, her argument is unpersuasive in that Wickenkamp was on notice of the possibility that this court would determine that she was not a party with standing to bring those three claims as of October 1, 2015, when my Findings and Recommendation issued, and she has had actual knowledge since November 13, 2015, both that she lacked standing to bring those claims and that she was obliged to amend her pleading to re-state those claims if she intended to pursue them in this action. If Wickenkamp determined for the first time on or around January 6, 2015, that she needed to know whether the court would agree to join or substitute Judith and/or Lloyd as party plaintiffs in this action before she could amend her allegations in support of the five claims dismissed without prejudice, it appears impossible that she can "[s]how effective prior use of time" as required by Local Rule 16-3(2): had she meaningfully engaged with the task of amending her pleading at any prior time, she would have become aware of the joinder/substitution issue prior to the eve of expiration of her third deadline.

Moreover, no procedural obstacle would have prevented Wickenkamp from amending her allegations in support of the five claims dismissed without prejudice and then filing her motion for joinder or substitution. Under Federal Civil Procedure Rule 17, it is clear that joinder or substitution of the real party-plaintiff in interest can be effected without need to restate pleadings

to reflect such joinder or substitution. *See* Fed. R. Civ. P. 17(a)(3) ("After . . . joinder. . . or

substitution [of the real party in interest], the action proceeds as if it had been originally

commenced by the real party in interest."). As a matter of law, therefore, there was and is no

need for resolution of the joinder/substitution question prior to amendment of Wickenkamp's

pleading.[4]

      Other than by implying that it could be necessary to resolve the joinder/substitution issue

prior to amendment, Wickenkamp offers no argument[5] that good cause exists for extending her

deadline a third time. Moreover, it is difficult to conceive of how, under the circumstances,

Wickenkamp could establish good cause for a third such extension, given that she prepared a

proposed second amended pleading as early as August 2015, that she had effectively 73 days

---

[4] Indeed, if this court were to grant the motion for joinder/substitution, the "serious concerns" I identified at page 17 of my Findings of Recommendation of October 1, 2015, regarding the possibility that the assignments of claims pursuant to which Wickenkamp asserts standing herein constitute an attempt by Wickenkamp to circumvent her disbarment from the practice of law – and to continue representing the Trackwells in litigation, as she did on numerous occasions prior to her disbarment – without a license to do so, would be increased severalfold. Neither Judith not Lloyd has moved to intervene in this action, there is no evidence that either has affirmatively expressed an interest in becoming a plaintiff in this action or in prosecuting the claims Wickenkamp asserts on assignment from them, and there is no indication that either has retained counsel for that purpose (Wickenkamp has on more than one recent occasion advised this court that neither Judith nor Lloyd has the resources to retain his or her own counsel or the capacity to proceed *pro se*). It appears overwhelmingly likely that, if this court were to grant the motion for joinder/substitution in whole or in part, the result would be that the joined or substituted party or parties would thereafter rely on Wickenkamp as that party's or those parties' *de facto* legal representative in this matter.

[5] At oral argument in connection with her motions, but not in her written briefing, Wickenkamp took the position that her motive in moving for joinder or substitution of Judith and Lloyd was less to cure identified deficiencies in her pleading than to avoid an appearance of impropriety that might jeopardize her ongoing efforts to be reinstated as a member of the Nebraska bar. To the extent her motion was so motivated, its resolution prior to effecting amendment of her pleading was in not in any sense necessary, and does not suggest the existence of good cause for enlarging the amendment deadline.

Page 8 - FINDINGS AND RECOMMENDATION

notice of the initial 30-day deadline, and that she herself chose both her first and second extended deadlines, asserting at least impliedly her belief that she had the capacity to meet each extended deadline.

This court has already twice granted extension of this same deadline, in light of Wickenkamp's *pro se* status, on the most dubious showings of good cause. In the absence of good cause shown in support of the most recent motion, it would be inappropriate to extend the deadline yet a third time, denying Steen and the other defendants the finality to which, at this point, it is clear they are entitled. I therefore recommend that the court deny Wickenkamp's third motion (#58) for extension of time. In light of that disposition, Wickenkamp's motion (#55) for joinder or substitution of parties, and any other pending motions (if any), should be denied as moot.[6] The time afforded Wickenkamp for amendment of her pleading having expired, and all of Wickenkamp's claims having been dismissed since November 13, 2015, the court should enter final judgment in this action.

## CONCLUSION

For the reasons set forth above, Wickenkamp's motion (#55) for joinder or substitution should be denied, her motion (#58) for extension of time should be denied as moot, and final judgment should be prepared.

## SCHEDULING ORDER

---

[6] The motion for joinder or substitution is in any event subject to denial on its merits to the extent Wickenkamp seeks to substitute Judith as the plaintiff in connection with the second claim. That claim arises out of the alleged conversion of cattle by Steen and other defendants in early 2010. At that time, the cattle in question were assets, not of Judith, but of the bankruptcy estate. As such, any cause of action for their conversion was likewise an asset, albeit unscheduled, of the bankruptcy estate. As an unscheduled asset of the estate, that cause of action remains in the estate at this time, and cannot be prosecuted by Judith or by any assignee thereof.

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 4th day of March, 2016.

Honorable Paul Papak
United States Magistrate Judge