IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY WICKENKAMP,

        Plaintiff,

   v.

FRED STEEN, STEVE ROGERS,
BETH HULSE, TOM HACK, SHELLY STEEN,
ERIC STEEN, JOHN DOES NOS. 1-2, and
JANE DOE NO. 1,

        Defendants.

No. 2:15-cv-00330-PK

ORDER

HERNÁNDEZ, District Judge:

    Magistrate Judge Papak issued a Findings & Recommendation [62] on March 4, 2016, in which he recommends that this Court deny Plaintiff Mary Wickenkamp's third motion for extension of time to amend her complaint, thereby causing the most recent extended deadline to expire and her claims to be dismissed. Plaintiff filed late objections [66] to the Findings & Recommendation; however, the Court granted Plaintiff's motion to deem her objections as timely. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b).

1 - ORDER

When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). If the objecting party brings forth new evidence or raises new claims, "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection." Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002) (citing United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000)). However, the district court "must actually exercise its discretion, rather than summarily accepting or denying the motion." Brown, 279 F.3d at 744. See also Lowe v. Johnson, 584 Fed. App'x 702, 703 (9th Cir. 2014) (explaining that district court erred by failing to provide a "reasoned consideration" of pro se prisoner's objections); Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (holding that district court erred in failing to consider an objecting party's explanations).

Plaintiff filed an action in May of 2015, alleging ten separately pled claims under 42 U.S.C. § 1983. Am. Compl. at 5–34, ECF No. 18. She maintains that she was assigned by three separate parties to bring forth the claims and, thus, "is the real party in interest" to the suit. Id. at 2. Judge Papak dismissed Plaintiff's first, fourth, sixth, seventh, and tenth claims with prejudice. Findings & Recommendation at 2, ECF No. 62. He also dismissed Plaintiff's second, fifth, eighth, and ninth claims without prejudice, and granted Plaintiff leave to amend. Id. at 2–3. Plaintiff moved for an extension of time in order to file a second amended complaint, which Judge Papak granted. Id. at 4. She then filed for a second extension of time which Judge Papak also granted, but instead of submitting her second amended complaint by the deadline, she submitted a motion for an indefinite extension of time until certain parties file for intervention,

2 - ORDER

are joined, or are substituted. Id. at 5. Judge Papak recommends that this extension of time be denied, thus expiring Plaintiff's pleading and dismissing any pending motions. Id. at 9.

Plaintiff filed objections to Judge Papak's Findings & Recommendation, asserting that Judge Papak erred by (1) failing to stay the case pending appeal of two other cases in the Ninth Circuit; (2) refusing to allow a third party to intervene; and (3) failing to allow her an opportunity to request pro-bono counsel. Pl.'s Obj. at 2–4, ECF No. 66. While two of Plaintiff's three objections do not specifically address Judge Papak's grounds for denial in his Findings & Recommendation, the Court will nevertheless consider the three objections that she brings forth.

Regarding Plaintiff's first objection, as Defendant Fred Steen noted, Plaintiff did not raise any issue of pending appeals in her motion for an indefinite extension of time. Def.'s Resp. at 3, ECF No. 69. Twice, Plaintiff was granted leave to amend in order to submit a second amended complaint. Findings & Recommendation at 4–5. She was given ample time to include any additional facts which needed to be pled. The Court therefore declines to give this issue further consideration. See Howell, 231 F.3d at 623 (upholding a district court's decision in declining "to allow the record be supplemented" when a party had adequate time to present facts to a magistrate judge).

Plaintiff's second objection states that Judge Papak erred in refusing to allow Plaintiff to give notice to her assignor, Lloyd Trackwell, in order to "add him as a real party in interest," or for Trackwell to intervene. Pl.'s Obj. at 3. Federal Rule of Civil Procedure 6(b)(1) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend time" on its own, or if timely request is made. Though this Rule is liberally construed so that cases are tried on the merits, requests for extensions of time made before the applicable deadline should not be granted if there is bad faith on the part of the party seeking relief, or

3 - ORDER

prejudice to the adverse party. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258–59 (9th Cir. 2010). Moreover, under Local Rule 16–3, a party seeking extension must file a motion which:

> 1) Show[s] good cause why the deadlines should be modified[;] 2) show[s] effective prior use of time[;] 3) recommend[s] a new date for the deadline in question[;] [and] 4) shows the impact of the proposed extension upon other existing deadlines, settings, or schedules.

L.R. 16–3.

Plaintiff fails to show good cause for requesting an extension of time. She was given ample time to provide "notice" to Mr. Trackwell. More importantly, Mr. Trackwell's potential actions have nothing to do with Plaintiff's failure to adhere to deadlines. The amount of time requested hinges entirely upon the acts of Mr. Trackwell, a non-party, which could draw out this case indefinitely. See Pl.'s Obj. at 3 ("Lloyd Trackwell could intervene . . . . Lloyd Trackwell either Has [sic] filed or is in the process of filing a petition…") (emphasis added).[1] Plaintiff offered no potential new deadline in her motion or objections. Plaintiff did not make effective use of her time, given her requests for multiple extensions of time and her decision to file a motion for another extension of time as opposed to an amended complaint as the court directed. For these reasons, Plaintiff runs afoul of Local Rule 16–3. Lastly, Defendants would be prejudiced by the Court granting Plaintiff another extension of time given that Plaintiff's constant delays have kept this case in the pleading stage for approximately one year. Finally, Plaintiff's third objection is that Judge Papak erred by failing to allow Plaintiff an opportunity to request appointment of pro bono counsel. There is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). While a court has discretion pursuant to 28 U.S.C. § 1915(e) to request volunteer counsel, it is

---

[1] The Court recognizes that Mr. Trackwell did in fact file a Motion to Intervene after Plaintiff filed her objections and Defendant Fred Steen filed his response. Mr. Trackwell's motion does not alter the Court's analysis.

4 - ORDER

normally reserved for indigent plaintiffs in exceptional circumstances, and courts have no power to make a mandatory appointment. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Mallard v. United States Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 308 (1989); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In order to determine whether exceptional circumstances exist, a court may evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, 900 F.2d at 1335–36; Wilborn, 789 F.2d at 1331. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

      Plaintiff's argument that "the court has an obligation" to provide counsel lacks merit. Pl.'s Obj. at 3 (emphasis added). Plaintiff does not argue that she is indigent, nor does she demonstrate exceptional circumstances. Finally, Plaintiff fails to demonstrate a likelihood of success on the merits, given that she has been unable or unwilling to comply with the Court's order to amend her complaint in compliance with the Rules of Civil Procedure. Accordingly, Judge Papak did not err by failing to allow Plaintiff the opportunity to request pro bono counsel.

//
//
//
//
//
//

## CONCLUSION

The Court ADOPTS Magistrate Judge Papak's Findings & Recommendation [62]. Plaintiff's Motion for Extension of Time [58] is DENIED and this case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this \_\_19\_\_ day of \_\_April\_\_, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

6 - ORDER